UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID THOMPSON,<br><br>           Plaintiff,<br><br>    v.<br><br>PERRY RUSSELL, et al.,<br><br>           Defendants. | Case No.: 3:23-cv-00341-MMD-CSD<br><br>**ORDER**<br><br>(ECF Nos. 9, 10) |

State prisoner David Thompson brings this civil-rights action under 42 U.S.C. § 1983, contending that his rights were violated while he was incarcerated in the custody of the Nevada Department of Corrections ("NDOC"). (*See* ECF No. 6). On March 13, 2024, the Court screened Plaintiff's first amended complaint, allowing claims to proceed, temporarily staying this action for 90 days, and referring it to the Court's Inmate Early Mediation Program. (ECF No. 7). A mediation conference is scheduled for May 14, 2024. (ECF No. 12). However, Plaintiff moves to recuse or disqualify the Nevada Attorney General's Office from representing any party in this action, arguing there is a conflict of interest. (ECF No. 9). And he moves for "default judgment," arguing the Attorney General's Office failed to respond to the disqualification motion. (ECF No. 10). For the reasons discussed below, the Court denies Plaintiff's motions.

I.     **DISCUSSION**

    **A.**     **Motion for Default Judgment (ECF No. 10)**

To the extent Plaintiff's motion seeks entry of default or default judgment, his requests are denied as premature. Default can be entered against a party who has failed to plead or otherwise defend against an action. Fed. R. Civ. P. 55(a). Default judgment can be entered against a party that has been defaulted if certain other requirements are met. *See id.* at 55(b). But this action is still in the screening stage, which means no defendant has been served with process and no defendant is currently required to defend

against this action. And no defendant can be served with process and therefore required to defend against this action until the Court orders that to happen.

To the extent Plaintiff contends that either the NDOC or the Nevada Attorney General's Office is a proper defendant in this action, he is mistaken. Consistent with the screening order, the Clerk of the Court added the NDOC to the docket as an interested party for the purpose of participating in the Court's mediation program. (*See* ECF No. 7 at 14). The Attorney General's Office has entered a limited notice of appearance on behalf of the NDOC for that narrow purpose. (ECF No. 11).

To the extent Plaintiff moves to sanction the NDOC or the Attorney General's Office for failing to respond to his disqualification motion, his request is denied. In the screening order, the Court stayed this action for 90 days and instructed that "the parties are not required to respond to any paper filed in violation of the stay unless specifically ordered by the Court to do so." (ECF No. 7 at 13). Plaintiff's disqualification motion is not among the papers that the Court excepted from the temporary stay of this action. (*See id.* at 12–14). When Plaintiff filed his disqualification motion, docket text was automatically generated stating that responses to the motion are due by March 29, 2024. (ECF No. 9). But the Court clarifies that it has not ordered any response to that motion.

### B.    Motion to Disqualify Attorney General's Office (ECF No. 9)

Because of their potential for abuse, the Ninth Circuit has cautioned that "disqualification motions should be subjected to particularly strict judicial scrutiny." *Optyl Eyewear Fashion Int'l Corp. v. Style Companies, Ltd.*, 760 F.2d 1045, 1050 (9th Cir. 1985) (cleaned up) (collecting cases). "As a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification." *Kasza v. Browner*, 133 F.3d 1159, 1171 (9th Cir. 1998) (collecting cases). Federal courts apply state law when determining whether to disqualify an attorney from representing a party. *In re Cnty. of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000). Under Nevada law, "[t]he party seeking to disqualify an attorney bears the burden of establishing that it has standing to do so." *State ex rel. Cannizzaro v. First Jud. Dist. Ct. in & for Cnty. of Carson*

*City*, 466 P.3d 529, 531–32 (Nev. 2020) (cleaned up) (quoting *Liapis v. Second Judicial Dist. Court,* 282 P.3d 733, 737 (Nev. 2012)). "The general rule is that only a former or current client has standing to bring a motion to disqualify counsel on the basis of a conflict of interest." *Id.* (cleaned up) (quoting *Liapis*, 282 P.3d at 737; and Model Rules of Prof 1 Conduct R. 1.7 annot.).

Plaintiff lacks standing to move for disqualification. Plaintiff argues that a different inmate filed a complaint with the Attorney General's Office seeking to have it investigate and prosecute the defendants for crimes against older persons arising out of the events at issue in this action. (ECF No. 10 at 2–3). Plaintiff also argues that the Attorney General's Office committed fraud on the Court in his other lawsuit: Case No. 3:17-cv-00670-RCJ-CSD. (ECF No. 9 at 2). Plaintiff might be referencing his appellate position that defendants breached the parties' settlement agreement by tendering the settlement funds late, and Deputy Attorney General ("DAG") Douglas Rands prematurely filed the stipulation for dismissal. *See* Case No. 3:17-cv-00670-RCJ-CSD, at ECF Nos. 135, 138. The Court notes that DAG Rands has not appeared in this action on behalf of the NDOC or any defendant. In any event, Plaintiff provides no evidence that he is a current or former client of the Attorney General's Office or any of its attorneys.

To the extent Plaintiff contends that there is an inherent conflict because the Nevada Attorney General's Office is required to investigate and prosecute the defendants, he is mistaken. Plaintiff's reliance on 42 U.S.C. § 1997a is misplaced: that statute authorizes the **United States** Attorney General to institute a **civil** action against state actors to correct "egregious or flagrant" unconstitutional conditions affecting institutionalized persons. The **Nevada** Attorney General, however, is "a constitutional officer in the executive branch of government" whose various duties are established by the Nevada Legislature. *Whitehead v. Nevada Comm'n on Jud. Discipline*, 878 P.2d 913, 917 (Nev. 1994) (citing *Ryan v. District Court,* 503 P.2d 842, 844 (Nev. 1972); and Nev. Const. art. 5 § 19)). The Nevada Legislature has authorized the Attorney General's Office to investigate and prosecute certain crimes, but the office is not mandated to do so in

3

every instance. Rather, the office has discretion in exercising those functions. *See, e.g.*, Nev. Rev. Stat. § 228.270 (providing that a unit within the Attorney General's Office "**may** investigate and prosecute alleged abuse, neglect, exploitation, isolation or abandonment of an older person or vulnerable person" (emphasis added)); § 228.170(2) (providing that "the Attorney General **may** investigate and prosecute any crime committed by a person" who is incarcerated or acting in concert with an incarcerated person or involves violation of NRS Chapter 212 (emphasis added)). Relevant here, the Nevada Legislature similarly has authorized the Attorney General to commence or defend civil suits "**whenever the Governor directs or when, "in the opinion of the Attorney General," such course of action is "necessary**" "to protect and secure the interest of the State[.]" Nev. Rev. Stat. § 228.170(1) (emphasis added).

Neither Plaintiff's belief that a deputy attorney general committed fraud on the court in a different action nor the mere submission of a complaint by Plaintiff or another inmate to the Nevada Attorney General's Office are sufficient to justify disqualifying that office from representing any party in this action. Plaintiff's motion to disqualify the Attorney General's Office is therefore denied.

## II.     CONCLUSION

It is therefore ordered that Plaintiff's motions to disqualify the Nevada Attorney General's Office (ECF No. 9) and for default judgment (ECF No. 10) are denied.

DATED THIS 11th day of April 2024.

_____
UNITED STATES MAGISTRATE JUDGE