UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DAVID THOMPSON,

    Plaintiff

v.

PERRY RUSSELL, et al.,

    Defendants

Case No.: 3:23-cv-00341-MMD-CSD

**Order**

Re: ECF No. 21

    Before the court is Plaintiff's motion for reconsideration of the court's order denying Plaintiff's request to have fellow inmate William R. Lyons be present during hearings and conferences in this action, including the mediation conference on May 14, 2024. (ECF No. 21.) Defendants filed a response. (ECF No. 23.) Plaintiff filed a reply. (ECF No. 29.)

    In this motion, Plaintiff asks that the court reconsider its order denying his request to have Lyons assist him in proceedings. Alternatively, he asks that the court order NDOC to provide him with a new visit with an audiologist and appropriate prescriptive hearing aids. Defendants oppose the motion, asserting that Plaintiff refused to even try the new hearing aid set he was provided for the mediation, and the parties were able to conduct the mediation without the hearing aids.

    The Federal Rules of Civil Procedure do not contain a provision governing the review of interlocutory orders. "As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks and citation omitted) (emphasis omitted);

*see also* LR 59-1(a). This inherent power is grounded "in the common law and is not abridged by the Federal Rules of Civil Procedure." *Id*. at 887.

Motions for reconsideration are disfavored. LR 59-1(b). A party seeking reconsideration of an interlocutory order (a non-case dispositive order) "must state with particularity the points of law or fact that the court has overlooked or misunderstood." LR 59-1(a). "Reconsideration also may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id*. "A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts." LR 59-1(b). "A movant who repeats arguments will be subject to appropriate sanctions." *Id*.

Plaintiff has not set forth facts to justify the court's reconsideration of its prior order denying Plaintiff's request to have inmate Lyons assist him during hearings and conferences in this action. The reason Mr. Lyons was not permitted to assist Plaintiff is that Mr. Lyons has his own litigation involving the same subject matter as Plaintiff's lawsuit. Plaintiff is welcome to secure the assistance of another inmate, but the court will not revisit its decision prohibiting Mr. Lyons from assisting Plaintiff.

Insofar as Plaintiff asks the court to provide him with additional relief, Plaintiff has not satisfied the prerequisites for obtaining injunctive relief by demonstrating: a likelihood of success on the merits of his claims in this action, that he is likely to suffer irreparable harm in the absence of injunctive relief, that the balance of equities tips in his favor, and that injunctive relief is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)

## CONCLUSION

Plaintiff's motion for reconsideration (ECF No. 21) is **DENIED**.

Defendants shall ensure that on the date of the upcoming case management conference—August 26, 2024—that Plaintiff has access to a set of hearing aids, and that he is placed in a quiet room with access to a landline to participate in the case management conference.

**IT IS SO ORDERED**.

Dated: August 19, 2024

 _____
Craig S. Denney
United States Magistrate Judge