UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID THOMPSON,<br><br>                    Plaintiff,<br>     v.<br><br>PERRY RUSSELL, *et al.*,<br><br>                    Defendants. | Case No. 3:23-cv-00341-MMD-CSD<br><br>ORDER |

Pro se Plaintiff David Thompson, formerly incarcerated in the custody of the Nevada Department of Corrections, brought this civil-rights action under 42 U.S.C. § 1983, contending that his rights were violated when prison officials detained him in excessive sunlight and heat conditions for over three hours on a single occasion in July 2021. (ECF No. 6.) Before the Court is Thompson's motion to stay this case pending the lifting of a stay in *Lyons v. Russell*, No. 3:23-cv-00335-MMD-CSD (D. Nev. Filed Jul. 10, 2023) and the decision of yet-to-be-appointed pro bono counsel in that case regarding whether to file a motion for class certification. (ECF No. 49 ("Motion").)[1] Because the *Landis*[2] factors do not favor granting a stay, and as otherwise explained below, the Court will deny the Motion.

"Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109-10 (9th Cir. 2005) (quoting *Landis*, 299 U.S. at 255). Before the Court stays one case pending the outcome of another, it must consider: (1) the damage that may result from granting a stay; against the (2) hardship or inequity the

---

[1] Defendants oppose the Motion. (ECF No. 50.) Thompson has not yet filed a reply, though the deadline for doing so has passed.

[2] *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).

other side may face in being required to move forward; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Moreover, "[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Id.* at 1111 (quoting *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979)). The Court should generally only grant stays of short, reasonable, and fixed duration. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1067 (9th Cir. 2007).

As Defendants point out in their response, Thompson does not articulate why the Court should stay this case in his Motion, much less address the *Landis* factors described above. (ECF No. 50.) The Court infers from Thompson's Motion that he seeks an unfavored stay of unlimited duration pending events in *Lyons* that the Court cannot say will be concluded within a reasonable time perhaps because he either feels a class action is a better vehicle to adjudicate his claims or he wants to be sure everyone else who was locked outside on that hot morning gets relief as well. (ECF No. 49.) But regardless of the reasons he hints at, Thompson seeks a disfavored stay. *See Lockyer v. Mirant Corp.*, 398 F.3d at 1111 (stating that a stay should only be granted if it appears likely the other case will conclude reasonably soon); *Dependable Highway Exp.*, 498 F.3d at 1067 (stating the Court should only grant stays of short and fixed duration). It is also true that Thompson does not address any of the *Landis* factors that he would have to convince the Court weigh in favor of a stay for the Court to grant his Motion. (ECF No. 49.)

Turning to the *Landis* factors themselves, on balance, they do not favor granting the Motion either. Defendants state they intend to file a motion for summary judgment, and a stay would prevent the Court from ruling on it. (ECF No. 50 at 2-3.) The first factor requiring the Court to evaluate damage that would result from a stay accordingly weighs against granting one. In contrast, and going to the second factor, Thompson does not

articulate how he specifically will be prejudiced by being forced to follow the existing scheduling order in this case. (ECF No. 49.) And as to the third factor, staying this case indefinitely would only simplify it if the Court can locate pro bono counsel in *Lyons*, that person decides to move for class certification, that class certification motion is granted, and the Court were to then find that some sort of class-wide relief was warranted that would benefit Thompson. Given the number of links in this speculative chain of events of unclear duration, the third factor does not strongly favor granting a stay either. The Court will accordingly and additionally deny the Motion for the alternative reason that the *Landis* factors do not favor granting one.

It is therefore ordered that Thompson's Motion (ECF No. 49) is denied.

DATED THIS 19th Day of March 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE